UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YUGOIMPORT SDPR J.P.  )
   *Plaintiff* )
 )
 )
MFK CORPORATION LTD )
   *Plaintiff* )   CASE NO: CV No. 1:06CV00589
 )
   v. )
 )
UNITED STATES DEPARTMENT )
OF THE TREASURY )
   *Defendant* )
 )
THE OFFICE OF FOREIGN ASSETS )
CONTROL )
   *Defendant.* )
 )

## ANSWER

The Defendants, United States Department of the Treasury ("Treasury") and Office of Foreign Assets Control ("OFAC"), through undersigned counsel, hereby answer the complaint of the Plaintiffs, Yugoimport SDPR J.P. and MFK Corporation Ltd, as follows:

### JURISDICTION AND VENUE

1.    The allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

### PARTIES

2.    The allegations contained in this paragraph constitute legal conclusions not requiring a response, but to the extent a response is required, Defendants lack knowledge or information sufficient to confirm or deny the allegations contained in this paragraph.

3.    The allegations contained in this paragraph constitute legal conclusions not requiring a response, but to the extent a response is required, Defendants lack knowledge or information sufficient to confirm or deny the allegations contained in this paragraph.

4. Defendant Treasury admits that it is an agency within the meaning of 5 U.S.C. § 551(1).

5. Defendant Treasury admits that it is an agency within the meaning of 5 U.S.C. § 551(1); Defendant OFAC admits that it is a component within Treasury. With respect to the remainder of this paragraph, Defendant OFAC admits that it administers and enforce economic and trade sanctions.

## -STATEMENT OF FACTS

6. Defendants deny the allegations contained in this paragraph, but admit Philip Musolino submitted a request under the Freedom of Information Act ("FOIA") to Defendant Treasury's Disclosure Services office by letter dated July 27, 2005 ("the FOIA Request"). To the extent that Plaintiffs characterize the content of the FOIA Request, the request speaks for itself, and the Court is respectfully referred to Exhibit A of the Complaint for a complete and accurate statement of the FOIA Request's contents.

7. Defendants admit that Treasury responded to the FOIA Request by letter dated August 3, 2005. To the extent that Plaintiffs characterize the contents of that letter, the letter speaks for itself, and the Court is respectfully referred to Exhibit B of the Complaint for a complete and accurate statement of the letter's contents.

8. Defendants admit that Philip Musolino submitted a letter dated September 9, 2005 concerning the FOIA Request. To the extent that Plaintiffs characterize the contents of the September 9 letter, the letter speaks for itself, and the Court is respectfully referred to Exhibit C of the Complaint for a complete and accurate statement of the letter's contents.

9. Defendants admit that Treasury responded to the September 9 letter by letter dated September 14, 2005. To the extent that Plaintiffs characterize the contents of September 14 letter, the letter speaks for itself, and the Court is respectfully referred to Exhibit D of the Complaint for a complete and accurate statement of the letter's contents.

10. Defendants admit that Mr. Musolino submitted a letter dated January 3, 2006 concerning the FOIA Request. To the extent that Plaintiffs characterize the content of the

January 3 letter, the letter speaks for itself, and the Court is respectfully referred to Exhibit E of the Complaint for a complete and accurate statement of the letter's contents.

11. Defendants admit that Treasury responded to the January 3 letter by letter dated January 10, 2006. To the extent that Plaintiffs characterize the content of the January 10 letter, the letter speaks for itself, and the Court is respectfully referred to Exhibit F of the Complaint for a complete and accurate statement of the letter's contents.

12. Defendants lack knowledge or information sufficient to confirm or deny the allegations contained in this paragraph, but admit that the documents requested by the FOIA Request have not been processed.

13. Defendants admit that Treasury sent the letters cited in Paragraphs 7, 9, and 11; the Court is respectfully referred to Exhibits B, D, and F of the Complaint for a complete and accurate statement of the contents of the letters. Defendants lack knowledge or information sufficient to confirm or deny the allegations contained in this paragraph, but admit that the documents requested by the FOIA Request have not been processed.

### COUNT ONE

14. Plaintiffs adopt and incorporate the averments contained in Paragraphs 1-13 of the Complaint.

15. Defendants admit that they are agencies.

16. Defendants admit that they are subject to the requirements of FOIA and have promulgated regulations thereunder.

17. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

18. Defendants admit that they have not yet formally asserted any exemptions in response to the FOIA Request. By way of further answer, Defendants aver that a letter, dated June 2, 2006, was sent to Mr. Musolino by undersigned counsel, Diane Kelleher, suggesting some exemptions that would likely apply to the documents requested by the FOIA request.

19. Defendants admit that they have not yet formally objected to or rejected the

Request. By way of further answer, Defendants aver that a letter, dated June 2, 2006, was sent to Mr. Musolino by undersigned counsel, Diane Kelleher, suggesting modifications to the request to enable more efficient processing by OFAC.

20. The allegations contained in this paragraph constitute legal conclusions not requiring a response, but to the extent a response is required, Defendants admit that they have not yet processed the FOIA Request.

21. Defendants deny the allegations contained in this paragraph.

22. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

The balance of the Complaint constitutes a prayer for relief to which no answer is required. Defendants deny that Plaintiffs are entitled to the relief requested, or to any relief whatsoever.

Defendants hereby deny all allegations not expressly admitted or denied.

WHEREFORE, having fully answered, Defendants assert that Plaintiffs are not entitled to the relief requested, or to any relief whatsoever, and requests that Defendants be given such other relief as the Court deems just and proper.

### First Affirmative Defense

Defendants object to the Complaint to the extent that answering it imposes obligations upon them which exceed those imposed by the Freedom of Information Act ("FOIA").

### Second Affirmative Defense

The Plaintiffs are not entitled to compel the production of records protected from disclosure by any applicable exemptions.

### Third Affirmative Defense

The Court lacks jurisdiction because the Complaint was not filed in the name of the requester, as required by 5 U.S.C. § 552(a)(6)(A)(i).

Dated: June 22, 2006

Of Counsel
BRAD BROOKS-RUBIN
Attorney-Adviser
Office of Chief Counsel (Foreign Assets Control)
Department of the Treasury

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney
District of Columbia

ELIZABETH J. SHAPIRO
Assistant Branch Director
Federal Programs Branch

*/s/ Diane Kelleher*

DIANE KELLEHER

Trial Attorney
Department of Justice
Civil Division
Federal Programs Branch

20 Massachusetts Ave., NW, Room 7318
Washington, D.C. 20001

Tel:   (202) 514-4775
Fax:   (202) 616-8470
Email: Diane.Kelleher@usdoj.gov

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2006, I caused the foregoing Defendants' Answer to be sent, via ECF, to:

>Philip Musolino, Esq.
>MUSOLINIO & DESSE;
>1615 L St. NW, Suite 440
>Washington DC 20036
>Attorney for Plaintiff

>/s/ Diane Kelleher

>_____

>Diane Kelleher