IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YUGOIMPORT SDPR, J.P., <u>et al</u>, )<br>)<br>Plaintiffs, )<br>)<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT )<br>OF THE TREASURY, <u>et al.</u>, )<br>)<br>Defendants )  | Civil Action No. 06-00589<br>Hon. Ricardo M. Urbina |

## DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

Defendants United States Department of the Treasury and the Office of Foreign Assets Control (hereinafter "Defendants") hereby move to dismiss this Complaint. Plaintiffs have brought this case under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 <u>et seq.</u>, seeking an extensive amount of documents from the U.S. Department of Treasury ("Treasury" or "Treasury Department") concerning blocked assets and licenses involving the Republic of Sudan. As an initial matter, Plaintiffs were not the FOIA requesters in this case; rather their attorney, Philip Musolino, filed the FOIA request at issue. Because the Complaint was brought by Plaintiffs, rather than the actual FOIA requester (<u>i.e.</u>, Philip Musolino), it must be dismissed.

Plaintiffs have also failed to respond to Treasury's fee determination, which required the payment of fees before the FOIA request could be processed. Treasury has estimated that the initial fees associated with the search for, and review of, potentially responsive documents are approximately $8400. Defendants informed Plaintiffs of these fees on September 7, 2006, providing Plaintiffs 30 days to respond, yet Plaintiffs did not respond within that time period (and still have not responded to date). As a result, the FOIA request has been closed. Plaintiffs

have yet to submit payment to begin the processing of their request; they have not appealed. As a result, pursuant to the FOIA and agency regulations, Plaintiffs have not perfected their FOIA request (which they in any event did not themselves submit). Because Plaintiffs have failed to pay the required fees, which constitutes a failure to exhaust administrative remedies, the Complaint should be dismissed for failure to state a claim.

## BACKGROUND

### A.     Treasury's FOIA Processing

The Treasury Departmental Disclosure Office, known as Disclosure Services, manages the FOIA program in Treasury headquarters. See generally Treasury Handbook, http://www.treas.gov/foia/reading-room (last visited November 7, 2006). Disclosure Services . Id. Requests for Treasury records are received, assessed, assigned, and tracked in Disclosure Services. Id. Disclosure Services also establishes and communicates disclosure policy for all of Treasury through regulations, directives and handbooks. Id. The office provides policy, procedural and technical guidance to Treasury employees; has oversight and reporting responsibilities for the Department; and provides FOIA-related training. Id.

### B.     Background of Plaintiffs' FOIA Request

Plaintiffs' counsel, Philip Musolino, submitted a request under the Freedom of Information Act ("FOIA") to Defendant Treasury's Disclosure Services office by letter dated July 27, 2005 ("the FOIA Request"). See Exhibit A (attached hereto). The FOIA request sought documents containing information related to blocked assets and license applications with regard to the Republic of Sudan. Id. In the FOIA request, Mr. Musolino informed Treasury that he was "an attorney seeking information for use in a current case" and that he was "willing to pay fees

for this request." Id. Treasury responded to the FOIA Request by letter dated August 3, 2005, informing Mr. Musolino that the office to which his FOIA request was assigned "is experiencing a substantial backlog of FOIA requests and cannot meet the normal time limits." See Exhibit B (attached hereto). The office was processing requests on a "first-in, first-out basis." Mr. Musolino submitted additional letters asking for status reports on the FOIA Request, and each time, Treasury responded that his letter had been directed to OFAC for a response. See September 9, 2005, letter from Philip Musolino to Alana Johnson (attached hereto as Exhibit C); September 14, 2005, letter from Alana Johnson to Philip Musolino (attached hereto as Exhibit D); January 3, 2006, letter from Philip Musolino to Alana Johnson (attached hereto as Exhibit E); January 10, 2006, letter from Dale Underwood to Philip Musolino (attached hereto as Exhibit F). This lawsuit was filed on March 30, 2006.

After the filing of the lawsuit, the parties engaged in discussions about how the FOIA Request would be processed. See June 2, 2006, letter from Diane Kelleher to Philip Musolino (attached hereto as Exhibit G), and June 29, 2006, e-mail and attachments from Philip Musolino to Diane Kelleher (attached hereto as Exhibit H). In August, 2006, the parties agreed on a framework for processing the request. See August 17, 2006, letter from Diane Kelleher to Philip Musolino (attached hereto as Exhibit I) and August 28, 2006, e-mail from Philip Musolino to Diane Kelleher (attached hereto Exhibit J). One administrative matter remained – the fees for the processing of the request. See September 6, 2006, e-mails exchanged between Diane Kelleher and Philip Musolino (attached hereto as Exhibit K), and September 8, 2006, e-mail from Brad Brooks-Rubin to Philip Musolino (attached hereto as Exhibit L). By letter dated September 7, 2006, Treasury's Disclosure Services office informed Mr. Musolino that the "estimated charge

for searching and review of your request is $8,372.20." See Ex. L at 3. The letter stated that until a check in that amount was received, Treasury would hold the request in abeyance. Id. The letter closed by saying that "[i]f we do not receive payment or a written response from you within 30 days from the date of this letter, we will consider your request withdrawn." Id. Treasury followed-up with Plaintiffs shortly thereafter, asking if the letter had been received and if a response would be forthcoming. See September 15, 2006, e-mails exchanged between Brad Brooks-Rubin and Philip Musolino (attached hereto as Exhibits M and N). Plaintiffs did not respond to this letter. On October 30, 2006, defense counsel informed Mr. Musolino that the FOIA Request had been closed by Treasury in light of his failure to respond to the September 7 letter, and that Defendants planned to move for dismissal as a result. See October 30, 2006, e-mails exchanged between Diane Kelleher and Philip Musolino (attached hereto as Exhibit O). After being notified of their failure to timely respond, Plaintiffs suggested to defense counsel – for the first time – that they planned to challenge the fee determination, but did not file an administrative appeal with Treasury. See Ex. M at 1 ("We intend to proceed with our case and challenge the assertion of the fees.").

## STATUTORY AND REGULATORY BACKGROUND

Courts recognize that payment of fees is a statutory requirement under the FOIA. See, e.g., OSHA Data/CIH, Inc. v. U.S. Dept. of Labor, 220 F.3d 153,160 (3d Cir. 2000); Pollack v. Dept. of Justice, 49 F.3d 115, 120 (4th Cir. 1995); National Security Archive v. U.S. Dept. of Defense, 880 F.2d 1381, 1383 (D.C. Cir. 1989). The FOIA provides that an agency may properly charge a requester fees sufficient to recover "the cost of searching for documents within the scope of the request; the 'direct' cost of initially reviewing any documents unearthed by the

search in order to determine whether they are disclosable; and the cost of duplicating the documents that are disclosed." National Security Archive, 880 F.2d at 1382 (citing 5 U.S.C. § 552(a)(4)(A)(iv)). An agency may require the commercial use requester to reimburse it for all three types of recoverable costs, including the initial review of documents to determine whether the documents must be disclosed under the FOIA or should be withheld in full or in part under applicable FOIA exemptions. See OSHA Data/CIH, Inc., 220 F.3d at 160 (the requirement for commercial use requesters to pay for "review costs" reflects "a desire to treat commercial uses differently from other uses, requiring that commercial uses shoulder more of the costs of FOIA requests, rather than having taxpayers bear costs incurred in processing these commercial requests").

An agency may further require payment "in advance as a condition of further agency attention to the request." Pollack, 49 F.3d at 120 (emphasis in original). Moreover, neither the timing of an agency's requirement for payment, nor the filing of a lawsuit relieves the requestor from the obligation to pay for the fees assessed by the agency. Pollack, 49 F.3d at 119-20; Maydak v. U.S. Dept. of Justice, 254 F. Supp. 2d 23, 50 (D.D.C. 2003); Trueblood v. U.S. Dept. of Treasury, Internal Revenue Service, 943 F. Supp. 64, 68 (D.D.C. 1996).

Pursuant to the FOIA, Treasury has promulgated comprehensive regulations, set forth at 31 C.F.R. part 1, subpart A, governing the procedures requesters must follow in making FOIA requests of Treasury's components, as well as the procedures components must follow in responding to such requests. See 5 U.S.C. § 552(a)(1)(A) (directing agencies to publish regulations describing the methods whereby "the public may obtain information, make submittals or requests, or obtain decisions"); id. at § 552(a)(1)(A); Church of Scientology of Cal. v. I.R.S.,

792 F.2d 146, 150 (D.C. Cir. 1986) (FOIA requires that requests be made in accordance with the agency's published regulations).  With respect to the fees associated with the processing of FOIA requests, the governing law is set forth both in the text of the FOIA itself, see 5 U.S.C. § 552(a)(4)(A)(i), and in Treasury's regulations promulgated thereunder.  See 31 C.F.R. § 1.7.

Pursuant to this authority, Treasury regulations prescribe fee assessments for varying categories of requesters and certain services provided.  31 C.F.R. § 1.7(a).  In particular, for commercial use requesters, the regulations require that Treasury assess charges that recover the full direct costs of searching for, reviewing, and duplicating the records sought.  Id. at § 1.7(a)(1).  The regulations further provide that "[t]he Department may recover the cost of searching for and reviewing records even if there is ultimately no disclosure of records, or no records are located."  Id.  As for method of payment, the regulations specify that:

> When costs are estimated or determined to exceed $250, the Department shall either obtain satisfactory assurance of full payment of the estimated cost where the requester has a history of prompt payment of FOIA fees or require a requester to make an advance payment of the entire estimated or determined fee before continuing to process the request.

Id. at § 1.7(f)(3).

The regulations specify the amount to be charged for specific services, including duplicating records, searches, and review and inspection of records.  Id. § 1.7(g).  Fees assessed for searches are charged at the salary rates of the employees making the search.  Id. § 1.7(g)(2).  Similarly, fees assessed for review of records are also charged at the salary rates of the employees conducting the review.  Id. at § 1.7(g)(3).  Fees may be charged at a single rate for work performed by administrative personnel.  Id. at §§ 1.7(g)(2) & (3).  Fees may be assessed regardless of whether records are disclosed.  Id. at § 1.7(g) (3) & (4); see also id. at § 1.7(a)(1).

**ARGUMENT**

I. **THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF STANDING BECAUSE IT WAS NOT FILED IN THE NAME OF THE FOIA REQUESTER**

The complaint was filed on behalf of Yugoimport SDPR J.P. (a corporation doing business in Serbia and Montenegro), and MFK Corporation LTD. (a corporation doing business in Uganda). Compl., ¶¶ 2-3. These entities were not mentioned in the FOIA request filed by Plaintiffs' counsel. Instead, the FOIA Request mentioned only Plaintiffs counsel. See Ex. A at 1 ("I am an attorney seeking information for use in a current case and I am willing to pay fees for this request.") (emphasis added). Under 5 U.S.C. § 552(a)(6)(A)(i), a complaint must be filed in the name of the FOIA requester. Several courts have dismissed FOIA claims for lack of standing in similar circumstances, i.e., where plaintiff's counsel submits a FOIA request to an agency without including the plaintiff's name on the request or stating that the request was being filed on behalf of the plaintiff. See, e.g., Three Forks Ranch Corp. v. Bureau of Land Mgmt., 358 F. Supp. 2d 1, 2-3 (D.D.C. 2005); MAXXAM, Inc. v. FDIC, No. 98-0989, 1999 WL 33912624, at *5 (D.D.C. Jan. 29, 1999); Unigard Ins. Co. v. Dept. of the Treasury, 997 F. Supp. 1339, 1343 (S.D. Cal. 1997).[1] Defendants informed Plaintiffs' counsel of this deficiency by letter dated June 2, 2006, but Plaintiffs did not correct it. See Ex. G at 1. Because the Complaint was not filed by

---

[1] An attorney must adequately identify that he is making the FOIA request for his client in order for the client to have standing to pursue a FOIA action. See McDonnell v. United States, 4 F.3d 1227, 1238 n. 6 (3d Cir. 1993) (finding that a "passing reference to [the named plaintiff did] not sufficiently identify him with the person making the request to confer on him standing to challenge the denial of the request under FOIA"); MAXXAM, 1999 WL 33912624 at *2 (stating that where an attorney did not adequately identify his representation of the client, the attorney was the "real party in interest"). Moreover, in this Circuit, "[a]ny arrangements [plaintiff's attorney has] with a third party are legally irrelevant for purposes of [a] FOIA request." Burka v. U.S. Dept. of Health & Human Servs., 142 F.3d 1286, 1291 (D.C. Cir. 1998).

the FOIA requester, as the statute requires, it should be dismissed.

## II. THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFFS HAVE FAILED TO EXHAUST THEIR ADMINISTRATIVE REMEDIES BY NOT RESPONDING TO TREASURY'S FEE ESTIMATE LETTER.

By failing to respond to Treasury's September 7, 2006, letter, Plaintiffs have failed to exhaust their administrative remedies, and their Complaint should be dismissed. See Dettmann v. U.S. Dept. of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1986). Plaintiffs have not provided payment for processing or requested a fee waiver from Treasury. Requesters must pay reasonable charges associated with processing their FOIA requests. Judicial Watch, Inc. v. Rossotti, 326 F.3d 1309, 1310 (D.C. Cir. 2003); see also 5 U.S.C. § 552(a).

Failure to pay the requested fees or to appeal the denial from a refusal to waive fees constitutes a failure to exhaust administrative remedies. See Oglesby v. Dept. of the Army, 920 F.2d 57, 66 (D.C. Cir. 1990); Judicial Watch, Inc., 190 F. Supp. 2d at 33. It is undisputed that Plaintiffs have not paid the processing fee or appealed Treasury's decision to require fees before processing. As the D.C. Circuit has observed, "[e]xhaustion does not occur until the required fees are paid or an appeal is taken from the refusal to waive fees." Oglesby, 920 F.2d at 66. The exhaustion requirement applies not only before the filing of a lawsuit – the obligation to pay reasonable fees (or to appeal from the refusal to waive those fees) exists "[r]egardless of whether the plaintiff 'filed' suit before or after receiving a request for payment." Trueblood v. U.S. Dept. of Treasury, 943 F. Supp. 64, 68 (D.D.C.1996) (citing Pollack, 49 F.3d at 120); see also Farrugia v. Executive Office for U.S. Attorneys, 366 F. Supp. 2d 56, 57 (D.D.C. 2005) (quoting Trueblood); Maydak, 254 F. Supp. at 50 ("Although the IRS's fee assessment came after the filing of this lawsuit, plaintiff is obligated nonetheless to pay the fee or to seek from the agency

either a fee waiver or a fee reduction."); Keen v. Federal Bureau of Investigation, No. 98-02658, 2006 WL 2844908, at *1 (D.D.C. Sept. 29, 2006) ("the court holds that because Keen has failed to pay that portion of the fees demanded of and undisputed by him, he has not exhausted his administrative remedies regarding them"); Sliney v. Federal Bureau of Prisons, No. 04-1812, 2005 WL 3273567, at *4 (D.D.C. Sept. 28, 2005) (dismissing case for failure to pay the required fees).

Plaintiffs were aware of their obligation to respond to the September 6, 2007, letter within 30 days. They did not do so. This Court should not indulge Plaintiffs' refusal to comply with unambiguous agency requirements to which all FOIA requesters are subject. "Strict enforcement of the exhaustion doctrine is favored in FOIA cases." Center to Prevent Handgun Violence v. U.S. Dept. of Treasury, 981 F. Supp. 20, 23 (D.D.C. 1997). Moreover, after being notified of their failure to timely respond, Plaintiffs suggested to defense counsel – for the first time – that they planned to challenge Treasury's fee determination. See Ex. M at 1 (" We intend to proceed with our case and challenge the assertion of the fees.").[2] If Plaintiffs disagreed with the fee determination, they were obliged to make that opposition known to Treasury in a timely fashion through an administrative appeal. If they had information that would show that the fee determination was incorrect, Plaintiffs should have brought that information to Defendants'

---

[2] While Plaintiffs were free to file an appeal of Treasury's fee determination, such a challenge would have been inconsistent with statements their counsel has made in the past. See Ex. A ("Please be advised that I am an attorney seeking information for use in a current case and I am willing to pay fees for this request."); Ex. J at 1 ("You correctly assume that my clients do not seek a fee waiver . . ."). While the validity of the agency's decision is not at issue at this time, the reality is that Plaintiffs are using the FOIA to obtain discovery from the government for their own commercial litigation purposes. A review of this Court's docket shows that Plaintiffs have filed a lawsuit – and obtained default judgments – against the Republic and Bank of Sudan. See MFK Corp., Ltd. Et al. V. Republic of Sudan, et al., No. 04-00326 (RMC).

attention within the prescribed time limits. They did not do so. This Court should not reach out to decide an issue which has not been exhausted with the agency; nor should Plaintiffs' FOIA request be reinstated when they did not comply with Treasury's explicit and reasonable requirements. Because Plaintiffs have failed to exhaust their administrative remedies, the Complaint should be dismissed.

## **CONCLUSION**

For the foregoing reasons, the Complaint should be dismissed.

Dated:  November 15, 2006                                   Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General
Civil Division

JEFFREY A. TAYLOR
United States Attorney

Of Counsel
BRAD BROOKS-RUBIN                                ELIZABETH J. SHAPIRO
Attorney-Adviser                                            Assistant Branch Director
Office of Chief Counsel (Foreign Assets             Civil Division, Federal Programs Branch
Control)
Department of the Treasury                             /s/ Diane Kelleher
                                                                    _____

DIANE KELLEHER
Trial Attorney
Department of Justice
Civil Division
Federal Programs Branch

20 Massachusetts Ave., NW, Room 7318
Washington, D.C. 20001

Tel:    (202) 514-4775
Fax:   (202) 616-8470
Email: Diane.Kelleher@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2006, I caused the foregoing to be sent, via ECF, to:

> Philip Musolino, Esq.
> MUSOLINIO & DESSE;
> 1615 L St. NW, Suite 440
> Washington DC 20036
> Attorney for Plaintiff

/s/ Diane Kelleher
_____
Diane Kelleher