**INDEX OF EXHIBITS ATTACHED TO DEFENDANTS' MOTION
TO DISMISS IN YUGOIMPORT V. TREASURY,
CIVIL ACTION NO. 06-00589**

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| Exhibit A | FOIA Request dated July 27, 2005, submitted by Philip Musolino to Defendant Treasury's Disclosure Services office |
| Exhibit B | Treasury's August 3, 2005, response to the FOIA Request |
| Exhibit C | Letter from Philip Musolino to Treasury's Disclosure Services office dated September 9, 2005 |
| Exhibit D | Treasury's September 14, 2005, response to Mr. Musolino's September 9, 2005, letter |
| Exhibit E | Letter from Philip Musolino to Treasury Disclosure Services office dated January 3, 2006 |
| Exhibit F | Treasury's January 10, 2006, response to Mr. Musolino's January 3, 2006, letter |
| Exhibit G | June 2, 2006, letter from Diane Kelleher to Philip Musolino |
| Exhibit H | June 29, 2006, e-mail and attachments from Philip Musolino to Diane Kelleher |
| Exhibit I | August 17, 2006, e-mail and letter from Diane Kelleher to Philip Musolino |
| Exhibit J | August 28, 2006, e-mail from Philip Musolino to Diane Kelleher |
| Exhibit K | September 6, 2006, e-mails exchanged between Diane Kelleher and Philip Musolino |
| Exhibit L | September 8, 2006, e-mails exchanged between Brad Brooks-Rubin to Philip Musolino |
| Exhibit M | September 15, 2006, e-mails exchanged between Brad Brooks-Rubin and Philip Musolino |
| Exhibits N | September 15, 2006, e-mails exchanged between Brad Brooks-Rubin and Philip Musolino |
| Exhibit O | October 30, 2006, e-mails exchanged between Diane Kelleher and Philip Musolino |

# EXHIBIT  A

## MUSOLINO & DESSEL
*Attorneys At Law*

PHILIP M. MUSOLINO
LISA J. DESSEL

Counsel to the Firm:
RENA SCHILD
MAUREEN T. CANNON

PHILIP M.MUSOLINO
pmusolino@musolinoanddessel.com

—————

1615 L Street, N.W.
Suite 440
Washington, DC 20036
Telephone: (202) 466-3883
Telecopier: (202) 775-7477

July 27, 2005

**VIA FACSIMILIE**
Alane Johnson
Disclosure Services
Department of the Treasury
Washington, DC 20220

    RE:   **Freedom of Information Act Request**

Dear Ms. Johnson:

    I request from the Office of Foreign Asset Control and the Department of Treasury that a copy of the following documents [or documents containing the following information] in regard to the Republic of Sudan be provided to me:

    1)      All records related to, or identifying, or describing assets that have been blocked and the value and location of those assets; and

    2)      All records relating to license applications that have been made, or are pending, or have been issued

    Copies are not necessary. Please be advised that I am an attorney seeking information for use in a current case and I am willing to pay fees for this request.

    Thank you for your consideration of this request.

                    Sincerely,

                    Philip M. Musolino



EXHIBIT
A

# EXHIBIT  B



## DEPARTMENT OF THE TREASURY
### WASHINGTON, D.C. 20020

August 3, 2005

RE: 2005-08-005

Mr. Phillip M. Musolino
Musolino & Dessel Attorneys At Law
1615 L. St., N.W., Ste. 440
Washington, DC 20036

Dear Mr. Musolino:

Your Freedom of Information Act (FOIA) request dated July 27, 2005, was received in this office.

The office to which your request has been assigned is experiencing a substantial backlog of FOIA requests and cannot meet the normal time limits. They have established an orderly procedure for responding to requests, which is generally on a first-in, first-out basis. Be assured that your request will be answered as soon as possible.

Further inquiries concerning this request should make reference to the identification number at the top of this letter and should be faxed to 202-622-3895 or mailed to:

FOIA/PA Request
Disclosure Services
Department of the Treasury
Washington, DC 20220

Sincerely,

Alana Johnson
Director, Disclosure Services

EXHIBIT
B

# EXHIBIT  C

**MUSOLINO & DESSEL**
*Attorneys At Law*

PHILIP M. MUSOLINO
LISA J. DESSEL

Counsel to the Firm:
RENA SCHILD
MAUREEN T. CANNON

PHILIP M.MUSOLINO
pmusolino@musolinoanddessel.com

1615 L Street, N.W.
Suite 440
Washington, DC 20036
Telephone: (202) 466-3883
Telecopier: (202) 775-7477

September 9, 2005

*VIA FACSIMILE (202) 622-3895*

Alana Johnson
Disclosure Services
Department of Treasury
Washington, DC 20220

    *RE:*   *2005-08-005*

Dear Ms. Johnson,

    Attached kindly find my letter of July, 27 2005 as well as your response dated August 3, 2005, in which you refer to a "first-in, first-out basis" for your response to the above mentioned FOIA request.

    Can you advise me of the status of my request?

            Sincerely,

            Philip M. Musolino

Enc.

EXHIBIT

**EXHIBIT  D**



**DEPARTMENT OF THE TREASURY**
WASHINGTON, D.C. 20020

September 14, 2005

RE: 2005-08-005

Mr. Philip Musolino
Musolino & Dessel Attorneys At Law
1615 L. St., N.W. – Ste. 440
Washington, DC 20036

Dear Mr. Musolino:

This office is in receipt of your follow-up letter requesting the status of your Freedom of Information Act (FOIA) request dated July 27, 2005.

Your letter has been forwarded to the Office of Foreign Assets Control for appropriate action.

Sincerely,

Alana Johnson
Director, Disclosure Services

EXHIBIT

# EXHIBIT  E

**MUSOLINO & DESSEL**
*Attorneys At Law*

PHILIP M.MUSOLINO
pmusolino@musolinoanddessel.com

PHILIP M. MUSOLINO
LISA J. DESSEL

Counsel to the Firm:
RENA SCHILD
MAUREEN T. CANNON

1615 L Street, N.W.
Suite 440
Washington, DC 20036
Telephone: (202) 466-3883
Telecopier: (202) 775-7477

January 3, 2006

*VIA FACSIMILE (202) 622-3895*

Alana Johnson
Disclosure Services
Department of Treasury
Washington, DC 20220

    RE:   2005-08-005

Dear Ms. Johnson,

    Attached kindly find my letter of July, 27 2005 as well as your response dated August 3, 2005, and my follow-up letter of September 9, 2005.

    Please advise me of the status of my request.

Sincerely,

Philip M. Musolino

Encl.  As noted

EXHIBIT
E

# EXHIBIT F



**DEPARTMENT OF THE TREASURY**

WASHINGTON, D.C. 20220

January 10, 2006

RE: 2005-08-005

Mr. Philip Musolino
Musolino & Dessel Attorneys At Law
1615 L. St., N.W. – Ste. 440
Washington, DC 20036

Dear Mr. Musolino:

This office is in receipt of your follow up letter requesting the status of your Freedom of
Information Act (FOIA) request dated July 27, 2005.

Your letter has been forwarded to the Office of Foreign Assets Control for appropriate action.

Sincerely,

Dale Underwood
Acting Director, Disclosure Services

EXHIBIT
F

# EXHIBIT G



U.S. Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Avenue, N.W.,  Room 7318
Washington, D.C. 20001

---

Diane Kelleher                          Tel: (202) 514-4775
Trial Attorney                          Fax: (202) 616-8470

June 2, 2006

**VIA E-MAIL**

Phil Musolino
Musolino & Dessel
1615 L Street, N.W., Suite 440
Washington, D.C. 20036

Dear Phil,

I write in response to the Freedom of Information Act ("FOIA") request you filed with the Department of the Treasury and the Office of Foreign Assets Control ("OFAC") by letter dated July 27, 2005 and the subsequent complaint filed in District Court by Yugoimport SDPR J.P. and MFK Corporation LTD. I would very much like to discuss these issues with you by phone, but I think our discussion will be more productive once you have had a chance to review this letter. I am available next week, on Tuesday or Wednesday afternoon for a teleconference.

First, I note that your complaint was filed on behalf of Yugoimport SDPR J.P. (a corporation doing business in Serbia and Montenegro), and MFK Corporation LTD. (a corporation doing business in Uganda). These entities were not mentioned in the FOIA request you filed. Under 5 U.S.C. § 552(a)(6)(A)(i), a complaint should be filed in the name of the FOIA requester. When a complaint is not filed in the name of the requester, the agency can move for dismissal. See, e.g., MAXXAM, Inc. v. FDIC, No. 98-0989, 1999 U.S. Dist. LEXIS 23364, at *10-13 (D.D.C. Jan. 29, 1999) (dismissing FOIA complaint with prejudice where request had been filed by plaintiff's attorney, with no mention of plaintiff, but complaint was filed in plaintiff's name). However, while we could move for dismissal in your case on this ground alone, OFAC instead has asked that you consider either (a) amending your complaint to conform with FOIA's requirements, or (b) withdrawing the complaint while your FOIA request is processed. OFAC would prefer option (b) since it would rather focus its energies on processing your request, rather than litigating it.

To that end, I also wanted to raise the issue of whether you would be willing to narrow the scope of your request. As framed now, the request calls for "[a]ll records related to, or identifying, or describing assets of the Republic of Sudan that have been blocked and the value and the location of those assets; and all records relating to license applications that have been made, or are pending, or have been issued to the Republic of Sudan." Compl., 6. There may well be ways to narrow your request in both categories that would reduce OFAC's processing burden but still ensure that you get the information your clients seek to obtain. Of course, notwithstanding any agreed-upon narrowing of the request, OFAC reserves the right to assert any

and all FOIA exemptions that may apply to the responsive records.

With respect to the first category of requested records, OFAC retains the blocking reports and related records submitted in accordance with 31 C.F.R. § 501.603. If it would be possible for you to identify the specific information in those reports and records that you are interested in, OFAC may be able to search its records in a more efficient and cost-effective manner. In addition, if you are amenable, it may be possible for OFAC to produce this information in an alternate format that would both be more efficient for production, as well as potentially more expedient for your use, while still providing all responsive information.

There are also ways to narrow the scope of the second category in your request that would again enable OFAC to process the requests more efficiently. Specifically, as you may be aware, licenses may be granted for a wide range of activity otherwise prohibited by the Sudan Sanctions Regulations. For example, many of the licenses granted with respect to Sudan involve the exports of agricultural commodities, medicine, and medical devices or the conduct of humanitarian activities. See 31 C.F.R. Part 538. Such licenses may not be within the purview of information that is of interest to you. In this light, please let me know if there may be a subset of responsive information that might satisfy your clients.

Moreover, you should be aware that OFAC typically asserts the position that license applications are protected by FOIA Exemption 4. 5 U.S.C. 552(b)(4). OFAC also generally asserts Exemption 4 with respect to the contents of licenses, other than the licensee's name, date of licensing and selected standard license language. See, e.g., Coastal Corporation v. Department of Treasury, No. 93-1078, slip op. at 19-28 (D.D.C. Oct. 31, 1996). Review and processing of your specific request will proceed within this context.

Once OFAC knows your position on the possible ways of narrowing discussed above, we can give you an estimate of how long it will take to process your request, as well as an estimated cost. Please keep in mind one other factor that will influence the processing time, i.e., the "submitter's notice" requirement, located in 31 C.F.R. § 1.6. This provision requires OFAC to send notices to those report filers and/or license applicants to inform them that information is being sought in a FOIA request. The "submitter" is then given 10 days to object to the disclosure of their information, and OFAC then has to decide whether their objection is warranted. OFAC will, of course, overrule any objection that it determines is not consistent with the requirements of FOIA.

I look forward to discussing these issues with you by phone.

Regards,

Diane Kelleher

-2-

# EXHIBIT H

## Kelleher, Diane (CIV)

**Subject:**     MFK v.Treasury

**Attachments:**   06-06-26 Joint Report 2.doc; 06-06-26 Stipulation of Setlement.doc

  

06-06-26 Joint   06-06-26
Report 2.doc (5... tipulation of Setlem.

-----Original Message-----
From: PMusolino@musolinoanddessel.com
[mailto:PMusolino@musolinoanddessel.com]
Sent: Thursday, June 29, 2006 11:32 AM
To: Kelleher, Diane (CIV)
Cc: SRolinski@Rolinski.com; DEspinet@Rolinski.com
Subject: MFK v.Treasury

Dear Diane,

Enclosed please find the following:

1.  A draft report; and

2.  A proposed stipulation of settlement.

Please give me your thoughts at your convenience.

Phil

Philip M. Musolino
Musolino & Dessel
Suite 440
1615 L Street, NW
Washington, DC 20036
Voice 202 466-3883 ext.103
Fax  202 775-7477
Email pmusolino@musolinoanddessel.com www.musolinoanddessel.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **YUGOIMPORT SDPR, J.P.,** | : | |
| **et.al.,** | : | |
| *Plaintiffs* | : | **Case No 1:06CV 000589 RMU** |
| | : | |
| **vs.** | : | |
| | : | |
| **THE UNITED STATES** | : | |
| **DEPARTMENT OF THE** | : | |
| **TREASURY, et.al.,** | : | |
| *Defendants* | : | |

### REPORT REQUIRED BY LOCAL RULE 16.3

Pursuant to Local Rule 16.3, plaintiffs YugoImport SDPR, J.P., and MFK Corporation

Ltd. (hereinafter "Plaintiffs") and defendants the United States Department of the Treasury

("Treasury") and the Office of Foreign Assets Control ("OFAC," collectively with Treasury

"Defendants") met by telephone on _____, 2006, at __ p.m., and submit the following

report:

**A.**     **Brief Statement of the Case and Statutory Basis for Claims of Plaintiffs**

Plaintiffs seek pursuant to the Freedom of Information Act ("FOIA") the disclosure by

Defendants of information on licenses and assets related to the Republic of Sudan.

**B.**     **Brief Statement of Defenses**

Defendants deny that the requested information is covered by FOIA and aver that certain

privileges may be applicable.  Defendants also assert affirmatively that the Plaintiffs were not the

same entities who requested the information.

**C.**    **Statement of Agreements Reach at Rule 206 Meeting**

(1)    <u>The Case Tracking Category in Which the Case Should Be Placed; Whether the Case is Likely to Be Disposed of By Dispositive Motion; and Whether, If a Dispositive Motion Has Already Been Filed, the Parties Should Recommend to the Court that Discovery or Other Matters Should Await a Decision On the Motion</u>.

The case is likely to be disposed of by dispositive motion.  The Parties do not recommend to the court that discovery of other matters should await a decision on the motion.

(2)    <u>The Date by Which Any Other Parties Shall Be Joined or the Pleadings Amended, and Whether Some or All of the Factual Issues Can Be Agreed Upon or Narrowed</u>.

The parties agree that the date by which any other parties be joined or the pleadings amended shall be date for the close of discovery.  The parties are unable to agree upon or narrow the factual issues at this time.

(3)    <u>Whether The Case Should Be Assigned to a Magistrate Judge for All Purposes, Including Trial</u>.

The parties agree that the case should not be assigned to a magistrate judge.

(4)    <u>Whether There Is a Realistic Possibility of Settling the Case</u>

The parties agree that the chances of settlement in the near term are good.

(5)    <u>Whether The Case Could Benefit from the Court's Alternative Dispute Resolution (ADR) Procedures (or Some Other Form of ADR); What Related Steps Should Be Taken to Facilitate Such ADR; and Whether Counsel Have Discussed ADR and Their  Response to This Provision with Their Clients</u>.

The parties agree that the case would benefit from ADR.  The parties have exchanged informal settlement concepts and will continue to do so.  The parties have discussed ADR and their response to this provision with their clients.

(6)    <u>Whether the Case Can Be Resolved by Summary Judgment or Motions to Dismiss, Dates for Filing Dispositive Motions and/or Cross Motions, Oppositions and Replies; and Proposed Dates for Decisions on Motions</u>

The parties propose that the date for filing of any dispositive motions should be sixty days after the close of discovery.  The parties agree that the time for filing oppositions and replies shall be as provided for under Local Rule 108 and propose that the date for decision on such motions shall be no later than the date of the pretrial conference.

2

(7) <u>Whether the Parties Should Stipulate to Dispense with the Mutual Disclosure Required by Rule 26(a)(1), F.R.Civ.P., and If Not, What Changes Should Be Made in the Scope, Form or Timing of Those Disclosures</u>.

The parties agree that they should dispense with the mutual disclosure required by Rule 26(a)(1).

(8) <u>The Anticipated Extent of Discovery, How Long Discovery Should Take, What Limits should Be Placed on Discovery, (e.g., Number of Interrogatories, Number of Depositions, Duration of Depositions); Whether a Protective Order is Appropriate; and a Date for Completion of All Discovery, Including Answers to Interrogatories, Document Production, Requests for Admissions, and Depositions</u>.

The parties agree that four months is a reasonable time for discovery.

The parties agree that the following limitations should be placed on discovery. Regarding the number and duration of depositions, the parties agree that one deposition of six hours shall be allowed to each side. The parties agree that twenty interrogatories, and twenty requests for production of documents, and ten requests for admissions shall be allowed to each side. The parties further agree that each has the right to seek leave to of the court to amend these limitations if necessary.

(9) <u>Whether the Requirement of Exchange of Expert Witness Reports and Information Pursuant to Rule 26(a)(2), F.R.Civ.P. Should Be Modified, and Whether and When Depositions of Experts Should Occur</u>.

The parties agree that the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2) should not be modified, that experts should be identified within two months of the commencement of discovery, that any written expert report should be provided at that time, and that any counter-experts should be identified and their reports provided within thirty days of the designation of an expert and provision of the expert's report.

(10) <u>In Class Actions, Appropriate Procedures for Dealing with Rule 13 Proceedings, Including the Need for Discovery and the Timing Thereof, Dates for Filing a Rule 23 Motion, and Opposition and Reply, and for Oral Argument and/or an Evidentiary Hearing on the Motion and a Proposed Date for Decision</u>.

These questions are not applicable. This is not a class action.

(11)    Whether the Trial and/or Discovery Should Be Bifurcated or
        Managed in Phases, and a Specific Proposal for Such Bifurcation.

        The parties agree that neither the trial nor discovery should be bifurcated.


(12)    The Date for the Pretrial Conference (Understanding That a Trial
        Will Take Place 30 to 60 days Thereafter).

        The parties propose a pretrial date of _____.

(13)    Whether the Court Should Set a Firm Trial Date at the First Scheduling
        Conference or Should Provide That a Trial Date Will Be Set at the
        Pretrial Conference from 30 to 60 Days after the Conference.

        The parties agree that a firm trial date should not be set at the first scheduling conference.

                                Respectfully submitted,


                                _____
                                Philip M. Musolino
                                *Musolino & Dessel*
                                1615 L Street, N.W., Suite 440
                                Washington, D.C. 20036
                                (202) 466-3883
                                *Voice*:  (202) 466-3883
                                *Fax*:    (202) 775-7477
                                *Email*: pmusolino@musolinoanddessel.com

                                **Counsel for Plaintiffs**


                                _____
                                Sylvia J. Rolinski
                                Danielle M. Espinet
                                *Rolinski & Suarez, LLC*
                                14915 River Road
                                Potomac, Maryland 20854
                                *Voice*: (240) 632-0903
                                *Fax*:    (240) 632-0906
                                *Email*: srolinski@rolinski.com
                                *Email*: despinet@rolinski.com


                                **Counsel for Plaintiffs**

Of Counsel:
BRAD BROOKS-RUBIN
Attorney-Adviser
Office of Chief Counsel
(Foreign Assets Control)
Department of the Treasury

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney
District of Columbia

ELIZABETH J. SHAPIRO
Assistant Branch Director
Federal Programs Branch

_____
DIANE KELLEHER
Trial Attorney
Department of Justice
Civil Division
Federal Programs Branch

20 Massachusetts Ave., NW, Room 7318
Washington, D.C. 20001

*Tel*:  (202) 514-4775
*Fax*:  (202) 616-8470
*Email*:  Diane.Kelleher@usdoj.gov

**Attorneys For Defendants**

July __, 2006

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JUGOIMPORT SDPR, J.P.,** | : | |
| **et.al.,** | : | |
| *Plaintiffs* | : | **Case No 1:06CV 000589 RMU** |
| | : | |
| **vs.** | : | |
| | : | |
| **THE UNITED STATES** | : | |
| **DEPARTMENT OF THE** | : | |
| **TREASURY, et.al.,** | : | |
| *Defendants* | : | |

## STIPULATION OF SETTLEMENT

The clerk of the court will please mark this case as settled on the following terms and conditions:

**1.**   For purposes of this Stipulation of Settlement only, the following Definitions shall apply:

"Goods, technology or services" shall not refer to information or informational materials or donated articles intended to relieve human suffering, such as food, clothing and medicine.

"OFAC" refers to Defendant Office of Foreign Assets Control.

"OFAC Sudan License" refers to an OFAC license for the import from, export to or exchange with Sudan, as Sudan is hereinafter defined, of goods, technology or services.

The "Regulations" refers to the Sudanese Sanctions Regulations, 31 C.F.R. Part 538.

"SDN" refers to individuals that are owned or controlled by, or act on behalf of the Government of Sudan anywhere in the world as well as individuals and entities found to meet the criteria outlined in Executive Order No. 13067.

"Sudan" refers to the Government of Sudan, the Central Bank of Sudan, also known as the Bank of Sudan, and any SDN of the government of Sudan.

"Treasury" refers to Defendant The United States Department of the Treasury.

**2**.  Defendants shall provide to counsel for Plaintiffs, on or before Friday, September 8, 2006, such document or documents as will identify, for the period commencing January 1, 2003 and continuing through June 30, 2006:

      a.  All OFAC Sudan Licenses;

      b.  All  applications for OFAC Sudan Licenses;

      c.  The nature, amount and location of all  assets of Sudan blocked by OFAC or Treasury;

      d.   All civil penalties and other enforcement actions imposed by either Defendant as a result of a violation of the Regulations.

      e.   All enforcement actions initiated by either Defendant as a result of a violation of the Regulations.

**3**.  The court shall retain jurisdiction of this matter.

**4**.  Upon satisfaction of the provisions of paragraph three above, this action shall be dismissed with prejudice, each party to bear its own costs and fees.

                        Respectfully submitted,

 

                        _____

Philip M. Musolino
*Musolino & Dessel*
1615 L Street, N.W., Suite 440
Washington, D.C. 20036
(202) 466-3883
*Voice*:  (202) 466-3883
*Fax*:    (202) 775-7477
*Email*:_pmusolino@musolinoanddessel.com

**Counsel for Plaintiffs**

_____

Sylvia J. Rolinski
Danielle M. Espinet
_Rolinski & Suarez, LLC_
14915 River Road
Potomac, Maryland 20854
_Voice_: (240) 632-0903
_Fax_:    (240) 632-0906
_Email_: srolinski@rolinski.com
_Email_: despinet@rolinski.com

**Counsel for Plaintiffs**

Of Counsel:                          PETER D. KEISLER
BRAD BROOKS-RUBIN                     Assistant Attorney General
Attorney-Adviser
Office of Chief Counsel              KENNETH L. WAINSTEIN
(Foreign Assets Control)             United States Attorney
Department of the Treasury           District of Columbia

                                     ELIZABETH J. SHAPIRO
                                     Assistant Branch Director
                                     Federal Programs Branch

                                     _____

                                     DIANE KELLEHER
                                     Trial Attorney
                                     Department of Justice
                                     Civil Division
                                     Federal Programs Branch

                                     20 Massachusetts Ave., NW, Room 7318
                                     Washington, D.C. 20001

                                     _Tel_:   (202) 514-4775
                                     _Fax_:  (202) 616-8470
                                     _Email_:   Diane.Kelleher@usdoj.gov

                                     **Attorneys For Defendants**

**Approved:**

                                        _____

                                        Ricardo M. Urbina, Judge
United States District Court for the
District of Columbia

                                        _____

                                        Date

4

# EXHIBIT I

**Kelleher, Diane (CIV)**

| | |
|---|---|
| **From:** | Kelleher, Diane (CIV) |
| **Sent:** | Thursday, August 17, 2006 12:28 PM |
| **To:** | 'PMusolino@musolinoanddessel.com' |
| **Cc:** | 'Brad.Brooks-Rubin@do.treas.gov' |
| **Subject:** | MFK -- Correspondence |
| **Attachments:** | 08 17 06 letter to musolino final.pdf |

Phil --

Attached is my response to your June 29, 2006, letter. My apologies for the delay; the agency needed to have some internal back and forth on some of the issues raised by FOIA request, and these internal discussions took some time. I also apologize because I am once again sending this to you right before I go on vacation; I'll be on leave starting tomorrow, 8/18/06, back in the office on Monday, August 28, 2006. If you'd like to respond to any of the items in the attached while I'm away, please feel free to copy Brad Brooks-Rubin (in addition to myself) on any response; he is my agency counsel at OFAC and is working on this matter.

I'm also around this afternoon if there's anything you'd like to discuss before I leave.

Talk to you soon,
Diane

cc: Brad Brooks-Rubin, OFAC

11/7/2006



U.S. Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Avenue, N.W.,  Room 7318
Washington, D.C. 20001

---

Diane Kelleher                             Tel: (202) 514-4775
Trial Attorney                             Fax: (202) 616-8470

August 17, 2006

**VIA E-MAIL**

Phil Musolino
Musolino & Dessel
1615 L Street, N.W., Suite 440
Washington, D.C. 20036

Re:    MFK Corp., LTD. v. Department of Treasury, No. 06-00589

Dear Phil,

I write in response to your proposals of June 29, 2006.  Thank you for taking the time to respond to my letter; I think the proposal you've outlined is a good starting point for productive discussions.  I wanted to address your proposal and our reactions point-by-point.

1.    **Rule 16 Report**

As I indicated to you in an e-mail, The U.S. District Court for the District of Columbia has exempted Freedom of Information Act ("FOIA") cases from the Rule 16 report requirement. See Local Rule 16(b)(9).  There is no need for us to file one.

2.    **Settlement Proposal**

While I think the content of the proposal is helpful, I don't think that a stipulation of settlement is the right mechanism for this case at this time.  We are discussing the scope of your FOIA request and the processing of your request.  We aren't actually settling your FOIA claim, since after we process your request, I imagine you may object to some of OFAC's determinations and will want to litigate those issues in a summary judgment context.

Accordingly, what I would propose is a stipulation setting forth the schedule for the processing of your FOIA request and the filing of subsequent summary judgment motions.

3.    **Chronological Scope of Request**

Your proposal indicated that you were interested in information for the period commencing January 1, 2003 and continuing through June 30, 2006.  OFAC is agreeable to this timeframe.

4.    **"such document or documents as will identify"**

Your proposal also indicated that OFAC could search for "such document or documents as will identify" rather than "all documents" responsive to the items enumerated in your request. OFAC appreciates your willingness to allow it to search its records and respond to your request in a more efficient and cost-effective manner.

5.    **Categories of Responsive Information Identified in Your Proposal**

Your proposal identified five categories of information responsive to your request:

a.    All OFAC Sudan Licenses;

b.    All applications for OFAC Sudan Licenses;

c.    The nature, amount and location of all assets of Sudan blocked by OFAC or Treasury;

d.    All civil penalties and other enforcement actions imposed by either Defendant as a result of a violation of the Regulations.

e.    All enforcement actions initiated by either Defendant as a result of a violation of the Regulations.

There is one problem with these categories. While items (a), (b), and (c) are acceptable to OFAC, items (d) and (e) are not. Those items were <u>not</u> included in your July 27, 2005, FOIA Request, which sought two categories of records: (1) "[a]ll records related to, or identifying, or describing assest that have been blocked and the value and location of those assets;" and (2) "[a]ll records relating to license applications that have been made, or are pending, or have been issued." Your request did not seek information related to OFAC's civil penalty or enforcement matters, and OFAC is not obliged to search for such records.

6.    **Timeframe for Processing**

While OFAC could obtain the bulk of the information responsive to item 5(a) relatively quickly, it will need a longer period of time to process the information responsive to items 5(b) and 5(c). In particular, with respect to item 5(c), OFAC regulations require the agency to send out submitter's notices to the reporting institutions before any disclosure can be made. <u>See</u> 31 C.F.R. § 1.6. The notices must allow the banks ten (10) days to respond, and in the event that the bank says it objects to the disclosure, and OFAC decides to overrule the bank, the bank is then permitted to file a "reverse FOIA action" to try to prevent OFAC from releasing its information.[1]

---

[1]  <u>See</u> <u>Tripp v. Department of Defense</u>, 193 F. Supp. 2d 229, 238 (D.D.C. 2002) ("Although commonly known as a reverse FOIA action, such an action is actually are brought under the APA, which provides that '[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . . is entitled to judicial review thereof.' 5 U.S.C. § 702. FOIA, as solely a disclosure statute, only provides a cause of action to compel

Accordingly, it is difficult for OFAC to predict precisely how long it would take to process the information requested in item 5(c). That said, I'm told it typically takes OFAC 30 days to send out submitter's notices; the banks are then given ten (10) days to respond; and OFAC then needs at least 60 days to review the responses. Overall, then, I estimate it will take OFAC approximately 100 days to process items 5(c).

With respect to the information requested by item 5(b), OFAC has previously taken the position that such records are protected by Exemption 4 because they contain confidential commercial and/or financial information. See, e.g., Coastal Corporation v. Department of Treasury, No. 93-1078, slip op. at 19-28 (D.D.C. Oct. 31, 1996). While OFAC will review the specific information responsive to your request, it is likely that the agency will take the same position with respect to the records you have requested.

Rather than make you wait until we finish processing items 5(b) and 5(c), OFAC is amenable to processing non-exempt information responsive to item 5(a) and to begin providing you with non-exempt, responsive information within 30 days of the commencement of the processing of your request.

I note, however, that the commencement of processing depends on payment of fees. Neither you nor your clients appear to meet the requirements for a fee waiver under FOIA, and the Treasury Department's regulations provide that before FOIA searches are undertaken in such cases, a fee payment should be made. See 31 C.F.R. § 1.7(e)(2)-(3). The Treasury Department's Disclosure Services office will prepare a fee letter for you and your clients; the letter will include information related to the Department's fee determination and the schedule of fees to be paid in connection with your request.

### 7.    Timeframe for Summary Judgment Motions

After OFAC finishes processing your request, I think setting aside a pre-motion conference period before summary judgment motions are filed is a good idea. This would allow us time to discuss OFAC's withholdings to see whether or not any of them can be resolved without the need for motion practice. Unfortunately, I am not in a position now to propose a specific summary judgment schedule. But generally speaking, in my view, a summary judgment schedule would include the following:

| | |
|---|---|
| X date | Deadline by which OFAC estimates it will complete processing of your request |
| X days thereafter | the parties discuss the withholdings to see what issues, if can, can be resolved by agreement of the parties |

---

disclosure, but not an action to prohibit disclosure. See 5 U.S.C. § 552(a)(4)(B); Chrysler Corp. v. Brown, 441 U.S. 281, 290-94 (1979). Thus, success in reverse FOIA actions generally requires a showing that the agency's decision to disclose was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.' 5 U.S.C. § 706(2)(A); see also Chrysler, 441 U.S. at 317-19.")

| | |
|---|---|
| X days thereafter | OFAC files its motion for summary judgment |
| X days thereafter | Plaintiffs file their opposition |
| X days thereafter | OFAC files its reply |

I look forward to discussing these issues with further.  I will be out of the office on vacation starting on Friday, August 18, 2006, returning August 28, 2006.  If you would like to respond to any of these items while I am out of town, please be sure to send a copy of your response to myself and Brad Brooks-Rubin, the attorney at OFAC who is working on this matter.  His e-mail is Brad.Brooks-Rubin@do.treas.gov.

Regards,

Diane Kelleher

Diane Kelleher

cc:    Brad Brooks-Rubin, Esq., OFAC

# EXHIBIT J

## Kelleher, Diane (CIV)

**From:**       PMusolino@musolinoanddessel.com
**Sent:**       Monday, August 28, 2006 2:26 PM
**To:**         Kelleher, Diane (CIV)
**Cc:**         despinet@rolinski.com; SRolinski@rolinski.com
**Subject:**    RE: MFK -- Correspondence

Diane:

Welcome back. The proposal you sent on August 17, 2006 seems generally workable. You
correctly assume that my clients do not seek a fee waiver, and I see no problem at all
with a rolling response, objections preserved with a view to later resolution or motions
disposition. We are particularly interested in an early production of the category (a)
information.

Regards,

Phil

Philip M. Musolino
Musolino & Dessel
Suite 440
1615 L Street, NW
Washington, DC 20036
Voice 202 466-3883 ext.103
Fax     202 775-7477
Email  pmusolino@musolinoanddessel.com
www.musolinoanddessel.com


-----Original Message-----
From: Diane.Kelleher@usdoj.gov [mailto:Diane.Kelleher@usdoj.gov]
Sent: Thursday, August 17, 2006 12:28 PM
To: Phil Musolino
Cc: Brad.Brooks-Rubin@do.treas.gov
Subject: MFK -- Correspondence


Phil --

Attached is my response to your June 29, 2006, letter.  My apologies for
the delay; the agency needed to have some internal back and forth on
some of the issues raised by FOIA request, and these internal
discussions took some time.  I also apologize because I am once again
sending this to you right before I go on vacation; I'll be on leave
starting tomorrow, 8/18/06, back in the office on Monday, August 28,
2006.  If you'd like to respond to any of the items in the attached
while I'm away, please feel free to copy Brad Brooks-Rubin (in addition
to myself) on any response; he is my agency counsel at OFAC and is
working on this matter.

I'm also around this afternoon if there's anything you'd like to discuss
before I leave.

Talk to you soon,
Diane

cc: Brad Brooks-Rubin, OFAC

**EXHIBIT K**

**Kelleher, Diane (CIV)**

| | |
|---|---|
| **From:** | PMusolino@musolinoanddessel.com |
| **Sent:** | Wednesday, September 06, 2006 4:22 PM |
| **To:** | Kelleher, Diane (CIV) |
| **Cc:** | despinet@rolinski.com |
| **Subject:** | RE: Treasury disclosure services ltr |

```
Dear Dianne:

I haven't seen it as of today's mail.

Phil
Philip M. Musolino
Musolino & Dessel
Suite 440
1615 L Street, NW
Washington, DC 20036
Voice 202 466-3883 ext.103
Fax     202 775-7477
Email  pmusolino@musolinoanddessel.com
www.musolinoanddessel.com


-----Original Message-----
From: Diane.Kelleher@usdoj.gov [mailto:Diane.Kelleher@usdoj.gov]
Sent: Wednesday, September 06, 2006 4:02 PM
To: Phil Musolino
Subject: Treasury disclosure services ltr


Phil --

Did you ever get a letter from the Treasury Department's Disclosure
Services Office?  I haven't seen it yet but I'm told it was sent out.
And if you've received it, are its terms acceptable?

My OFAC contact was out last week but is back today so I'm talking with
him later about what information we can give you first.

Thanks,
Diane
```

# EXHIBIT L

**Kelleher, Diane (CIV)**

| | |
|---|---|
| **From:** | Brad.Brooks-Rubin@do.treas.gov |
| **Sent:** | Friday, September 08, 2006 11:34 AM |
| **To:** | PMusolino@musolinoanddessel.com |
| **Cc:** | Kelleher, Diane (CIV) |
| **Subject:** | RE: Treasury disclosure services ltr |

**Attachments:**    tmp.htm; 2005-08-005 Advance.doc

   

tmp.htm (3 KB)    2005-08-005
.dvance.doc (32 KB.

Phil, attached is an electronic version of the previously-discussed letter from Disclosure Services, which was sent yesterday.  My sincere apologies for this additional delay -- there was miscommunication between Disclosure Services and OFAC that resulted in the delay.  The official, signed version should be hitting your mailbox very soon, if it hasn't already.

Please let me know if you have any questions.

Thanks,

Brad

 -----Original Message-----

From: PMusolino@musolinoanddessel.com [
<mailto:PMusolino@musolinoanddessel.com>
mailto:PMusolino@musolinoanddessel.com]

Sent: Wednesday, September 06, 2006 4:22 PM

To: Kelleher, Diane (CIV)

Cc: despinet@rolinski.com

Subject: RE: Treasury disclosure services ltr


Dear Dianne:

I haven't seen it as of today's mail.

Phil

Philip M. Musolino

Musolino & Dessel

Suite 440

1615 L Street, NW

Washington, DC 20036

Voice 202 466-3883 ext.103

Fax 202 775-7477

Email pmusolino@musolinoanddessel.com

1

<outbind://3/www.musolinoanddessel.com> www.musolinoanddessel.com


-----Original Message-----

From: Diane.Kelleher@usdoj.gov [ <mailto:Diane.Kelleher@usdoj.gov>
mailto:Diane.Kelleher@usdoj.gov]

Sent: Wednesday, September 06, 2006 4:02 PM

To: Phil Musolino

Subject: Treasury disclosure services ltr


Phil --

Did you ever get a letter from the Treasury Department's Disclosure Services Office? I
haven't seen it yet but I'm told it was sent out. And if you've received it, are its terms
acceptable?

My OFAC contact was out last week but is back today so I'm talking with him later about
what information we can give you first.

Thanks,

Diane

September 7, 2006

Re:  2005-08-005

Mr. Philip Musolino
Musolino & Dessel Attorneys at Law
1615 L Street, NW, Ste. 440
Washington, DC  20036

Dear Mr. Musolino:

This concerns your Freedom of Information Act (FOIA) request dated July 27, 2005.

Treasury Department disclosure regulations at 31 CFR 1.7(f)(3) state that a requester must make an advance payment of the entire fee when costs are estimated to exceed $250.00.  The estimated charge for searching and review of your request is $8,372.20 (see enclosure).  This does not include costs which may incur for reproduction.  Your request will be held in abeyance until your check, in the amount of $8,372.20, made payable to the *Treasury of the United States*, is received by this office, we will then proceed with the search and review and advise of any further reproduction costs. When replying, please reference the identification number at the top of this letter and direct your response to:

> FOIA Request
> Disclosure Services
> Department of the Treasury
> Washington, DC 20220

If you choose to narrow the scope of your request in order to reduce fees, please respond in writing.  Narrowing the time frame to January 1, 2005, to September 1, 2006, would prevent a manual search and significantly reduce the fees.

If we do not receive payment or a written response from you within 30 days from the date of this letter, we will consider your request withdrawn.

Sincerely,

*/s/*
Hugh Gilmore
Director, Disclosure Services

Enclosure

## ESTIMATED FOIA FEES

### Request #2005-08-005

| Service/Time | Rate (per hour) | Amount |
|---|---|---|
| **Search** | | |
| 25 hrs. | $28.35 | $   708.15 |
| 25 hrs. | $48.89 | $1,222.25 |
| 20 hrs. | $67.18 | $1,359.20 |
| | **Total Estimated Search Fees** | **$3,290.20** |

| Service/Time | Rate (per hour) | Amount |
|---|---|---|
| **Review** | | |
| 35 hrs. | $28.35 | $   992.25 |
| 35 hrs. | $48.89 | $1,711.15 |
| 35 hrs. | $67.18 | $2,378.60 |
| | **Total Estimated Review Fees** | **$5,082.00** |

## Total Estimated Fees:    $8,372.20

# EXHIBIT M

**Kelleher, Diane (CIV)**

| | |
|---|---|
| **From:** | Brad.Brooks-Rubin@do.treas.gov |
| **Sent:** | Friday, September 15, 2006 1:08 PM |
| **To:** | PMusolino@musolinoanddessel.com |
| **Cc:** | Kelleher, Diane (CIV) |
| **Subject:** | FW: Treasury disclosure services ltr |

**Attachments:** tmp.htm; 2005-08-005 Advance.doc

 

tmp.htm (4 KB)    2005-08-005
dvance.doc (32 KB.

                    Phil, did you receive this letter?  Please let me know either way.

Also interested to know your position on the fee information/scope of the request issue
indicated therein.

Thanks,

Brad

-----Original Message-----
From: Brooks-Rubin, Brad
Sent: Friday, September 08, 2006 11:34 AM
To: 'PMusolino@musolinoanddessel.com'
Cc: 'Diane.Kelleher@usdoj.gov'
Subject: RE: Treasury disclosure services ltr


Phil, attached is an electronic version of the previously-discussed letter
from Disclosure Services, which was sent yesterday.  My sincere apologies
for this additional delay -- there was miscommunication between Disclosure
Services and OFAC that resulted in the delay.  The official, signed version
should be hitting your mailbox very soon, if it hasn't already.

Please let me know if you have any questions.

Thanks,

Brad

 -----Original Message-----

From: PMusolino@musolinoanddessel.com [
<mailto:PMusolino@musolinoanddessel.com>
mailto:PMusolino@musolinoanddessel.com]

Sent: Wednesday, September 06, 2006 4:22 PM

To: Kelleher, Diane (CIV)

Cc: despinet@rolinski.com

Subject: RE: Treasury disclosure services ltr


Dear Dianne:

I haven't seen it as of today's mail.

1

Phil

Philip M. Musolino

Musolino & Dessel

Suite 440

1615 L Street, NW

Washington, DC 20036

Voice 202 466-3883 ext.103

Fax 202 775-7477

Email pmusolino@musolinoanddessel.com
<outbind://3/www.musolinoanddessel.com> www.musolinoanddessel.com


-----Original Message-----

From: Diane.Kelleher@usdoj.gov [ <mailto:Diane.Kelleher@usdoj.gov>
mailto:Diane.Kelleher@usdoj.gov]

Sent: Wednesday, September 06, 2006 4:02 PM

To: Phil Musolino

Subject: Treasury disclosure services ltr


Phil --

Did you ever get a letter from the Treasury Department's Disclosure Services
Office? I haven't seen it yet but I'm told it was sent out. And if you've
received it, are its terms acceptable?

My OFAC contact was out last week but is back today so I'm talking with him
later about what information we can give you first.

Thanks,

Diane

# EXHIBIT N

## Kelleher, Diane (CIV)

**From:**          Brad.Brooks-Rubin@do.treas.gov
**Sent:**          Friday, September 15, 2006 4:07 PM
**To:**            Kelleher, Diane (CIV)
**Subject:**       FW: Treasury disclosure services ltr

**Attachments:**   tmp.htm



tmp.htm (7 KB)


-----Original Message-----
From: Phil Musolino [mailto:PMusolino@musolinoanddessel.com]
Sent: Friday, September 15, 2006 2:42 PM
To: Brad.Brooks-Rubin@do.treas.gov
Subject: RE: Treasury disclosure services ltr


Brad:

I did receive it and will respond early next week.

Regards,

Phil


Philip M. Musolino
Musolino & Dessel
Suite 440
1615 L Street, NW
Washington, DC 20036
Voice 202 466-3883 ext.103
Fax     202 775-7477
Email  pmusolino@musolinoanddessel.com
<mailto:pmusolino@musolinoanddessel.com>
www.musolinoanddessel.com

-----Original Message-----
From: Brad.Brooks-Rubin@do.treas.gov [mailto:Brad.Brooks-Rubin@do.treas.gov]

Sent: Friday, September 15, 2006 1:08 PM
To: Phil Musolino
Cc: Diane.Kelleher@usdoj.gov
Subject: FW: Treasury disclosure services ltr


Phil, did you receive this letter?  Please let me know either way.

Also interested to know your position on the fee information/scope of the
request issue indicated therein.

Thanks,

Brad

-----Original Message-----
From: Brooks-Rubin, Brad
Sent: Friday, September 08, 2006 11:34 AM

1

To: 'PMusolino@musolinoanddessel.com'
Cc: 'Diane.Kelleher@usdoj.gov'
Subject: RE: Treasury disclosure services ltr


Phil, attached is an electronic version of the previously-discussed letter
from Disclosure Services, which was sent yesterday.  My sincere apologies
for this additional delay -- there was miscommunication between Disclosure
Services and OFAC that resulted in the delay.  The official, signed version
should be hitting your mailbox very soon, if it hasn't already.

Please let me know if you have any questions.

Thanks,

Brad

 -----Original Message-----

From: PMusolino@musolinoanddessel.com [
<mailto:PMusolino@musolinoanddessel.com>
mailto:PMusolino@musolinoanddessel.com]

Sent: Wednesday, September 06, 2006 4:22 PM

To: Kelleher, Diane (CIV)

Cc: despinet@rolinski.com

Subject: RE: Treasury disclosure services ltr


Dear Dianne:

I haven't seen it as of today's mail.

Phil

Philip M. Musolino

Musolino & Dessel

Suite 440

1615 L Street, NW

Washington, DC 20036

Voice 202 466-3883 ext.103

Fax 202 775-7477

Email pmusolino@musolinoanddessel.com
<outbind://3/www.musolinoanddessel.com> www.musolinoanddessel.com


-----Original Message-----

From: Diane.Kelleher@usdoj.gov [ <mailto:Diane.Kelleher@usdoj.gov>
mailto:Diane.Kelleher@usdoj.gov]

Sent: Wednesday, September 06, 2006 4:02 PM

To: Phil Musolino

Subject: Treasury disclosure services ltr


Phil --


Did you ever get a letter from the Treasury Department's Disclosure Services Office? I haven't seen it yet but I'm told it was sent out. And if you've received it, are its terms acceptable?


My OFAC contact was out last week but is back today so I'm talking with him later about what information we can give you first.


Thanks,

Diane

**EXHIBIT O**

## Kelleher, Diane (CIV)

| | |
|---|---|
| **From:** | Kelleher, Diane (CIV) |
| **Sent:** | Monday, October 30, 2006 9:31 AM |
| **To:** | 'pmusolino@musolinoanddessel.com' |
| **Subject:** | RE: Yugoimport |

Not at all -- I'm happy to discuss by phone if you like, but the requirement to respond is something the agency takes seriously.  There is case law in the D.C. Circuit that a failure to follow such procedures is grounds for dismissal.

-----Original Message-----
From: pmusolino@musolinoanddessel.com [mailto:pmusolino@musolinoanddessel.com]
Sent: Monday, October 30, 2006 9:36 AM
To: Kelleher, Diane (CIV)
Subject: Re: Yugoimport

Are you joking?
Sent via BlackBerry

Philip M. Musolino
Musolino & Dessel
www.musolinoanddessel.com
Suite 440
1615 L Street, NW
Washington, DC 20036
Voice: 202 466-3883 ext.103
Facsimile: 202 775-7477
Email: pmusolino@musolinoanddessel.com


-----Original Message-----
From: "Diane.Kelleher@usdoj.gov" <Diane.Kelleher@usdoj.gov>
Date: Mon, 30 Oct 2006 09:16:20
To:"pmusolino@musolinoanddessel.com" <pmusolino@musolinoanddessel.com>(Receipt Notification Requested) (IPM Return Requested)
Subject: RE: Yugoimport

If you disagreed w/the agency's position, you should have responded within 30 days explaining the basis for your disagreement.  You did not, so the request has been closed; I will file a motion to dismiss on these grounds shortly.

-----Original Message-----
From: pmusolino@musolinoanddessel.com
[mailto:pmusolino@musolinoanddessel.com]
Sent: Monday, October 30, 2006 9:18 AM
To: Kelleher, Diane (CIV)
Subject: Re: Yugoimport

Dear Diane:   I disagree.  We intend to proceed with our case and challenge the assertion of the fees.
Sent via BlackBerry

Philip M. Musolino
Musolino & Dessel
www.musolinoanddessel.com
Suite 440
1615 L Street, NW
Washington, DC 20036
Voice: 202 466-3883 ext.103
Facsimile: 202 775-7477
Email: pmusolino@musolinoanddessel.com

-----Original Message-----
From: "Diane.Kelleher@usdoj.gov" <Diane.Kelleher@usdoj.gov>
Date: Mon, 30 Oct 2006 08:24:16
To:"PMusolino@musolinoanddessel.com"
<PMusolino@musolinoanddessel.com>(Receipt Notification Requested) (IPM Return Requested)
Subject: Yugoimport

Phil --

I write to follow-up on this matter. As you know, the 9/7/06 letter from the Treasury
Disclosure Services Branch stated:  "Your request will be held in abeyance until your
check, in the amount of $8,372.20, made payable to the Treasury of the United States, is
received by this office, we will then proceed with the search and review and advise of any
further reproduction costs." The 9/7/06 letter also noted that a response was required
within 30 days; if no response was received, the agency would consider the FOIA request
"withdrawn."  The agency then followed up with you on 9/15/06 via e-mail to ensure that
you had received the 9/7/06 letter and that you intended to respond.

You have not responded to Treasury's 9/7/06 letter, and it has now been more than 30 days.
In accordance with the procedure described in agency's letter, the agency is treating your
request as withdrawn. As a result, there is no longer a pending FOIA request at Treasury,
and there is no basis for your FOIA suit.

I request that you voluntarily dismiss this matter within the next 14 days. If you do not
do so, I will file a motion to dismiss the suit on these grounds.

Thank you,

Diane Kelleher

_____

Diane Kelleher

Trial Attorney

Federal Programs Branch, DOJ

202-514-4775 (tel)

202-616-8470 (fax)